**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CHARLES W. WALLACE,**

        **Plaintiff,**                   **Case No. 2:06-cv-610**
                                        **JUDGE GREGORY L. FROST**
    **v.**                             **Magistrate Judge Mark R. Abel**

**WHEELING PITTSBURGH STEEL CORP.,
et al.,**

        **Defendants.**

## <u>ORDER</u>

This case is before the Court for consideration of a Fed. R. Civ. P. 41(a)(2) motion to dismiss filed by Plaintiff, Charles W. Wallace (Doc. # 30), memoranda in opposition filed by Defendants USW Local 1223 (Doc. # 33) and Wheeling Pittsburgh Steel Corporation (Doc. # 34), and reply memoranda filed by Wallace (Docs. # 35, 38).  For the following reasons, the Court **GRANTS** the motion.

## I.  Background

On July 19, 2006, Plaintiff, Charles W. Wallace, initiated the instant action.  (Doc. # 2.) On July 24, he then filed a First Amended Complaint (Doc. # 3) that set forth claims for hostile work environment, retaliation, and race discrimination under Title VII and Ohio Rev. Code § 4112.99, as well as Ohio common law.  Defendants, Wheeling Pittsburgh Steel Corporation ("Wheeling") and USW Local 1223 ("USW"), answered the amended complaint.  (Docs. # 10, 11.)

The parties commenced discovery and the case proceeded pursuant to the scheduling

1

order until April 18, 2007 when Wallace filed a motion for voluntary dismissal without prejudice.  (Doc. # 30.)  In their memoranda in opposition, Defendants do not oppose dismissal, but ask that the dismissal be with prejudice.  As an alternative to dismissal with prejudice, Defendants ask the Court to award them attorneys' fees and costs.  The parties have completed briefing, and the motion to dismiss without prejudice is now ripe for disposition.

## II.  Discussion

### A.  Standard Involved

Federal Rule of Civil Procedure 41(a)(2) provides for a court-ordered voluntary dismissal of actions at a plaintiff's request and states that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."  Fed. R. Civ. P. 41(a)(2).

The Court has discretion to impose conditions upon a voluntary dismissal without prejudice.  *Duffy v. Ford Motor Co.*, 218 F.3d 623, 629 (6th Cir. 2000).   If a court decides to impose conditions on the dismissal, a notice to the moving party of the court's intent to do so is required.  A plaintiff who moves for dismissal without prejudice under Rule 41(a)(2) "'must be given a reasonable opportunity to withdraw his motion in the event the district court grants the motion' but with additional terms."  *August Storck KG v. Nabisco, Inc.*, No. 95 C 1446, 1996 WL 634116, at *5 (N.D. Ill. Oct. 30, 1996) (quoting *Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994)); *see also Duffy*, 218 F.3d at 634 (holding that the district court abused its discretion by not giving plaintiffs notice and opportunity to withdraw motion before imposing conditions on dismissal); *U.S. v. One Tract of Real Prop.*, 95 F.3d 422, 425-26 (6th Cir. 1996)

2

(holding that the district court abused its discretion when the court did not give plaintiff an opportunity to withdraw the motion before the court dismissed with prejudice, rather than without prejudice).  *But see Broad. Music, Inc. v. Samuel Abdalla*, No. C-2-81-847, 1984 WL 2130, at *1 (S.D. Ohio June 27, 1984) (stating that a conditional dismissal should not be contingent upon the acceptance by plaintiff of certain terms and conditions).

### B.  Analysis

Whether the Court should permit Wallace to dismiss his case without prejudice involves determining whether a "without prejudice" dismissal would cause Defendants to suffer plain legal prejudice.  *Perkins v. MBNA Am.*, 43 F. App'x 901, 902 (6th Cir. 2002); *Jones v. Lemke*, 178 F.3d 1294, 1999 WL 107984, at *2 (6th Cir. 1999) (unpublished table decision); *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).  In order to determine whether Defendants will suffer plain legal prejudice, the Court should consider four factors: (1) Defendants' effort and expense of preparation of trial; (2) excessive delay and lack of diligence on the part of Wallace in prosecuting the action; (3) the sufficiency of Wallace's explanation for the need of the dismissal; and (4) whether Defendants have filed motions for summary judgment.  *Maldonado v. Thomas M. Cooley Law Sch.*, 65 F. App'x 955, 956 (6th Cir. 2003) (citing *Grover*, 33 F.3d at 718).  This Court does not need to resolve every factor in Wallace's favor to find that dismissal without prejudice is warranted.  *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). The factors are more of a guide and discretion ultimately rests with the Court.  *Id.*

With regard to the factors, the first factor favors Wallace.  The Court recognizes that Defendants have naturally invested time and effort in litigating this action.  But Defendants have not informed this Court of any specifics beyond vague or merely estimated assertions of

3

expended time and effort. For example, Wheeling has not indicated how much time it has expended on this case, and USW states only that its "[c]ounsel estimates that perhaps this defendant has expended 60 hours in and about this case." (Doc. # 33, at 3.) Defendants have both failed to indicate the expenses they have incurred.

Defendants' conclusory argument that dismissal on Wallace's terms would be prejudicial because of the time, effort, and expenses they have invested therefore carries limited weight in today's analysis. Courts have held that such expenditures may prove insufficient to defeat a plaintiff's motion. *See B & J Mfg. Co. v. D.A. Frost Indus., Inc.*, 106 F.R.D. 351, 353 (" '[T]he advanced state of the litigation and the legal and other expenses incurred . . . do not mandate a denial of plaintiff's motion . . . .' " (quoting *Louis v. Bache Group, Inc.*, 92 F.R.D. 459, 461 (S.D.N.Y. 1981))). Although the Court is cognizant of Defendants' interests, Defendants have not proffered a sufficiently detailed "expenditure" justification for this Court to deny Wallace's motion or to dismiss his case with prejudice. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976) ("When considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected. Nevertheless, in most cases a dismissal should be granted unless the defendant will suffer some legal harm" (citation omitted)).

The second factor also weighs in Wallace's favor. Given Wallace's explanation of discovery delay, there is either no evidence that he lacked diligence in prosecuting the action or, at worst, that both sides contributed to the overall delay.

The sufficiency of Wallace's explanation of the need for the dismissal, the third factor in today's inquiry, does not favor Wallace. He has offered no explanation for dismissal and in fact

4

asserts that he does not have to offer any explanation.  It is true that a plaintiff need not explain what motivates a voluntary dismissal, but it is equally true that he cannot expect to have a lack of explanation weigh in his favor.

The fourth factor also favors Wallace because Defendants have not filed motions for summary judgment.  The dispositive motion deadline is not until June 29, 2007, and when Wallace moved to voluntarily dismiss the discovery period had in fact not yet closed.

The foregoing factual scenario contrasts with cases evincing consequent plain legal prejudice, such as in *Maldonado*, 65 F. App'x 955.  In that case, the Sixth Circuit held that the district court did not abuse its discretion in denying a plaintiff's motion for voluntary dismissal because discovery was closed, the plaintiff waited until after defendants moved for judgment on the pleadings to file his Rule 41(a)(2) motion, and plaintiff's explanation of his need for the dismissal was convoluted.  *Id.* at 957.  Furthermore, the plaintiff acted in bad faith during the discovery process.  *Id.*  In applying the four factors, the district court found that granting plaintiff's voluntary dismissal was not warranted.  Unlike the plaintiff in *Moldonado*, Wallace has apparently acted in good faith in pursuing his claims against Defendants, discovery was not closed at the time he moved for dismissal, and Defendants have not filed a dispositive motion.

The Court recognizes that Wheeling argues that it will incur prejudice because witnesses become more difficult to locate and memories fade with the passage of time.  But as another court has explained in addressing the same argument:

> The defendant is not the only party who may suffer the consequences of the passage of time.  The memories of witnesses for both sides may fade and the witnesses for both sides might become unavailable. . . .  As both parties could suffer due to the passage of time, the Court finds that the defendant's argument against dismissing the action is not determinative.

*Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 357 (E.D.N.Y. 2002).  This same rationale applies here.

The fact that Wallace has indicated an intent to refile his case also does not constitute sufficient prejudice.  Courts have consistently held that "plain legal prejudice" does not result merely from the prospect of a second lawsuit on identical issues.  *Lones v. S. Cent. Power Co.*, No. Civ. A. 204CV883, 2005 WL 1309088, at *1 (S.D. Ohio May 31, 2005);  *B & J Mfg.*, 106 F.R.D. at 352; *See Grover*, 33 F.3d at 718; *Puerto Rico Mar. Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981); *Tyco*, 627 F.2d at 56; *Broad. Music, Inc.*, 1984 WL 2130, at *1.

Accordingly, this Court concludes that it should grant Wallace's motion to dismiss without prejudice.  The extant question then becomes whether this dismissal without prejudice warrants the payment of attorneys' fees and costs that Defendants alternatively request.

A court can impose such defense costs when it grants a voluntary dismissal without prejudice.  *See, e.g.*, *Massey v. City of Ferndale*, 117 F.3d 1420, 1997 WL 330652, at *3 (6th Cir. 1997) (unpublished table decision); *August Storck KG*, 1996 WL 634116, at *5.  Imposing costs as a condition to voluntary dismissal is in fact "usually considered necessary for the protection of the defendant."  *Puerto Rico Mar. Shipping Auth.*, 668 F.2d at 51.  However, defense costs are not required as a matter of law and "no circuit court has held that such costs are mandatory."  *DWG Corp. v. Granada Invs., Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992) (citing *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989)).

Here, there is no indication that Wallace's suit was not a *bona fide* effort to seek redress for the alleged wrongs he perceived he suffered.  *See Blackburn v. City of Columbus, Ohio*, 60 F.R.D. 197, 198 (S.D. Ohio 1973) (holding that because plaintiff acted in good faith, attorneys'

6

fees would not be awarded).  There is nothing in the record to indicate that Wallace brought his action to harass, embarrass, or abuse either Defendants or the civil process.  Nor is there evidence to suggest that Wallace deliberately sought to increase Defendants' costs by extending the litigation.

Finding good faith does not end the analysis.  Rather, district courts have also looked to multiple factors in determining whether attorneys' fees are appropriate, including: whether extensive discovery costs were involved, whether the procedural history of the case required substantial time and expense, and whether extraordinary expenses were incurred in defending the action.  *See, e.g.*, *August Stork KG,* 1996 WL 634116, at *5 (awarding attorneys' fees because of the extraordinary costs of discovery).  Factors in support of not awarding fees include: whether a plaintiff acted in good faith in bringing the suit, *Blackburn*, 60 F.R.D. at 198, and whether the costs were wasted.  *See, e.g.*,  *Bentz v. Reed Elsevier, Inc.*, No. C-3-00-350, 2000 WL 33244507, at *3 (S.D. Ohio Dec. 5, 2000) (attorneys' fees not required because there were no wasted costs).

The case at bar commenced on July 19, 2006, less than a year ago, and at the time Wallace moved for dismissal, discovery had not yet closed.  Because Defendants could use the evidence obtained during this discovery in a subsequent action, the costs were not necessarily wasted.  *See Spar Gas, Inc. v. AP Propane, Inc.*, 972 F.2d 348, 1992 WL 172129, at *2 (6th Cir. 1992) (unpublished table decision) (crediting rule that "when a district court conditions voluntary dismissal without prejudice upon payment of a defendant's fees, the court should award only those fees representing legal work that could not be used in subsequent litigation on the same claims").  The Court should award attorneys' fees and costs only if necessary to protect Defendants, not to punish Wallace, and any condition imposed should simply alleviate the harm

that Defendants will suffer if Wallace's motion.  *See id.*

Have weighed the foregoing, the Court concludes that the American Rule on attorneys' fees, which "refuses to economically penalize in this fashion the litigant who in good faith files a lawsuit," justifiably applies to the case at bar.  *Id.*  Accordingly, the Court concludes that imposing an award of attorneys' fees and costs is not warranted here.

### III.  Conclusion

The Court **GRANTS** Wallace's motion and **DISMISSES** his case **WITHOUT PREJUDICE**.  (Doc. # 34.)  The Court **DENIES** Defendants' alternative requests for attorneys' fees and costs.

Pursuant to S.D. Ohio Civ. R. 41.1, any future action or actions brought by Wallace against either one or both defendants, alleging a claim or claims predicated upon or involving to any degree the same events giving rise to the instant litigation and filed in the United States District Court for the Southern District of Ohio, shall be assigned or transferred to the undersigned judge.  Counsel is responsible for bringing to the attention of the Court any relationship between a subsequent new case and this dismissed action.

**IT IS SO ORDERED.**

/s/  Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

8